## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **FERGUSON IKHILE,** | § | |
| **Petitioner,** | § | |
| | § | **3:15-CV-2555-K** |
| **v.** | § | **3:12-CR-0312-K** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court denies the motion.

**I.     Procedural Background**

On February 15, 2013, pursuant to a plea agreement, Petitioner pled guilty to conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349. On January 14, 2015, the Court sentenced him to 72 months in prison. On July 1, 2015, the Fifth Circuit Court of Appeals dismissed his appeal. *United States v. Ikhile*, No. 15-10530 (5th Cir. Jul. 1, 2015).

On August 3, 2015, Petitioner filed the instant § 2255 petition. He argues:

1.      The government breached the plea agreement; and

2.      He received ineffective assistance of counsel when counsel:

(a)     failed to object that the government breached the plea agreement;

(b)     failed to preserve the breach of plea agreement issue for appeal and

failed to appeal the issue; and

(c)     failed to object to the 72 month sentence and failed to argue the PSR loss amount was too high.

On November 19, 2015, Petitioner filed a reply to the government's answer.  In his reply, Petitioner raised the additional claims that his counsel was ineffective when:

(a)     counsel failed to negotiate a non-prosecution or immunity agreement; and

(b)     counsel failed to file pre-trial motions and prepare for trial.

## II.     Discussion

### 1.     Plea Agreement

Petitioner claims the government breached the plea agreement when it: (1) failed to move for a sentence below the statutory minimum; (2) failed to make the plea agreement "known" during sentencing; (3) failed to move for a downward departure; and (4) failed to provide consideration for the agreement.

The record shows the plea agreement stated as follows:

> If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance.  Whether and to what extent to grant the motion are matters solely within the Court's discretion.

(ECF No. 81 at 1.)  Prior to sentencing, the government filed a motion for downward departure of the basis of Petitioner's substantial assistance.  (ECF No. 326.)  Petitioner's

total offense level was 31, and his criminal history category was I, which resulted in a guideline range of 108 to 120 months in prison.   In the government's motion for downward departure, the government sought a total offense level of 22, which resulted in a guideline range of 41 to 51 months in prison.

At the sentencing hearing, the Court considered the government's motion for downward departure and Petitioner's assistance to the government.  (Sent. Tr. at 15.) The Court stated, however, that it disagreed with the government's motion to sentence Petitioner between 41 to 51 months.  (*Id*. at 16.)  The Court considered the sentencing guidelines, the government's motion for downward departure, Petitioner's assistance, the sentences of other defendants, the factors in 18 U.S.C. § 3553(a), and Petitioner's role in the offense and determined that Petitioner's appropriate sentence was 72 months in prison.  (*Id*.)

Contrary to Petitioner's claim that the government failed to file a motion for downward departure, the record clearly shows the government filed the motion and that the Court considered the motion in determining Petitioner's sentence.  Further, although Petitioner claims the government breached the plea agreement by failing to move for a sentence below the statutory minimum, there was no statutory minimum sentence for Petitioner's offense.

Finally, Petitioner argues the plea agreement was breached because the Court sentenced him above the 41 to 51 months that the government requested in its motion

for downward departure.  The plea agreement that Petitioner signed, however, stated: "Whether and to what extent to grant the motion [for downward departure] are matters solely within the Court's discretion."  Petitioner stated he understood the Court would decide whether he would receive a downward departure.  (Sent. Tr. at 3-4.)  Petitioner has failed to establish that the government breached the plea agreement.

2.      **Valid Guilty Plea**

To the extent Petitioner argues his guilty plea was involuntary, his claim is without merit. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the

defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows Petitioner voluntarily pled guilty and that he was fully informed of his constitutional rights.  The Court informed Petitioner of his right to plead not guilty and proceed to a trial.  (Rear. Tr. at 13)  Petitioner was told that if he proceeded to trial, he would have the right to call and cross-examine witnesses, the right to compel the production of evidence and the right to counsel.  (*Id*. at 13.)  He was informed that he could not be compelled to testify against himself, and that the government would be required to prove his guilt beyond a reasonable doubt.  (*Id*.)  Petitioner stated he understood these rights.  (*Id*. at 14.)  The Court also informed Petitioner that if he chose to plead guilty, he would not be entitled to any of these trial rights.  (*Id*. 15)  Petitioner stated he understood.  (*Id*.)

Petitioner agreed that he received a copy of the indictment and that he understood the charges against him.  (*Id*. at 33.)  Petitioner was read the essential elements of the offense, he stated he understood the elements, and he admitted he

5

committed each essential element. (*Id*. at 33-34.) Petitioner stated he read and signed the plea agreement and factual resume, and that the facts in the factual resume were true. (*Id*. at 34-35, 39.) The Court informed him of the maximum penalty for the offense, and he stated he understood. (*Id*. at 36.) Petitioner stated he discussed the sentencing guidelines with his attorney, and that he was satisfied with the advice and representation of his attorney. (*Id*. 34) He stated he understood the Court would determine his sentence, and that no one had attempted to force him to plead guilty. (*Id*. at 35.) Petitioner has failed to show his guilty plea was involuntary.

### 3.    Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*

*v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial."  *Armstead*, 37 F.3d at 206.

### (A)   Plea Agreement

Petitioner claims his counsel was ineffective when he failed to object that the government breached the plea agreement, and failed to raise this claim on direct appeal. As discussed above, Petitioner has not showed that the government breached the plea agreement.  His ineffective assistance of counsel claims are denied.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous motions).

7

**(B)    Objections**

Petitioner claims his counsel should have objected to the 72 month sentence and the loss amount in the PSR.  Petitioner has stated no valid objection to the 72 month sentence.  The sentence was within the maximum statutory range, and was also below the guideline range.  In determining Petitioner's sentence, the Court considered the sentencing guidelines, the government's motion for downward departure, Petitioner's assistance, the sentences of other defendants, and the factors in 18 U.S.C. § 3553(a). (Sent. Tr. at 15.)  Petitioner's has failed to show his counsel was ineffective for failing to object to the sentence.

Petitioner has also failed to show how the loss amount was incorrect, or state what arguments counsel should have made regarding the loss amount.  Petitioner's conclusory claims are denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Petitioner also claims his attorney promised him he would receive a sentence of 18 months home confinement, and at the most, he would receive a sentence of 41 to 51 months in prison.  The record, however, clearly contradicts Petitioner's claims.  As discussed above, Petitioner signed a plea agreement which stated that Petitioner understood no one could predict with certainty what his sentence would be, that he would not be allowed to withdraw his plea if the sentence was higher than expected, and

that he understood that so long as the sentence was within the statutory maximum, the sentence was solely within the discretion of the Court.  (ECF No. 79 at 2.)  During the sentencing hearing, Petitioner also stated he understood that the Court could grant, grant in part, or deny the government's motion for downward departure.  (Sent. Tr. at 3-4.)  Prior to his guilty plea, the Magistrate Judge informed Petitioner that the district court would determine his sentence, and Petitioner stated he understood.  (Rear. Tr. at 13.)  Petitioner also agreed that no one had made any promise to him as to what his punishment would be, and he stated he understood his sentence is "entirely up to the district judge."  (*Id*. at 14.)  Petitioner's claim is without merit and is denied.

    **(C)**    **Reply**

In his reply, Petitioner raised the additional claims that his counsel was ineffective when he failed to seek a non-prosecution or immunity agreement, and failed to file pre-trial motions or prepare for trial.  Petitioner has submitted no evidence that the government would have offered a non-prosecution or immunity agreement.  He has also failed to state what pre-trial motions should have been filed, or show that there was a reasonable probability that the motions or additional trial preparation would have changed the outcome of the case.  Further, claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  Petitioner's claims do not relate to the

9

voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)).  These claims are denied.

## III.   Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

SO ORDERED.

Signed this 3rd day of October, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE